**Timothy M. SEABAUGH, Respondent,**

v.

**DIRECTOR OF REVENUE, Appellant.**

No. 72760.

Missouri Court of Appeals,
Eastern District,
Southern Division.

May 26, 1998.

Jeremiah W. (Jay) Nixon, Atty. Gen., Evan J. Buchheim, Asst. Atty. Gen., Jefferson City, for appellant.

David J. Roth, II, Cape Girardeau, for respondent.

ROBERT G. DOWD, Jr., Judge.

Director of Revenue (Director) appeals from judgment in favor of Timothy M. Seabaugh, setting aside the suspension/revocation of his driving privilege. Director asserts the trial court erred in finding the Director failed to show compliance with regulations. We reverse.

On May 19, 1996, Seabaugh was stopped for driving while intoxicated. Results of the breath test, which was administered using the DataMaster breath analyzer, indicated blood alcohol concentration of .113 percent by weight. The Department of Revenue (Department) suspended/revoked his driving privilege pursuant to Sections 302.505, RSMo 1994, and 302.525, RSMo 1994. Seabaugh petitioned for a trial de novo. The trial court reversed the decision of the Department. This appeal followed.

Our review of this court-tried case is governed by *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo.banc 1976). The judgment of the trial court will be sustained "unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law." *Id.*

In the sole point on appeal, Director asserts the trial court erred in finding the Director failed to prove compliance with regulations. To establish a foundation to admit evidence of a breathalyzer test, it must be demonstrated that testing was administered pursuant to methods prescribed in Section 577.020, RSMo 1994, which requires the test be performed: (1) according to techniques approved by the Department of Health; (2) by persons possessing a valid permit; and (3) using equipment approved by the division. *Shine v. Director of Revenue, State of Mo.,* 807 S.W.2d 160, 162 (Mo.App.1991). At trial, Seabaugh objected to admission of the De-

partment of Health's checklist because it omits steps listed on the Alcohol Influence Report and the officer used a 1992 checklist, which was possibly obsolete; and thus the officer failed to comply with the regulations. The court took the matter under advisement and allowed both parties to brief the issues before rendering its judgment. The court found after considering briefs, "the Director has not shown compliance with the regulation." On appeal, Seabaugh's response is also based on the officer's failure to comply with the regulations.

Seabaugh's argument is without merit. Methods of testing for blood alcohol must be approved by the Department of Health according to Section 577.020, RSMo 1994, and *Shine*. Seabaugh objected to the use of the Department of Health's Blood Alcohol Test Report. There is no requirement that the Blood Alcohol Test must coincide in every detail with the Alcohol Influence Report, which is a Department of Revenue form. Seabaugh offers no authority to support such a requirement. Furthermore, the Blood Alcohol Test Report – DataMaster, form 7, revised in December, 1992, was in effect on May 19, 1996, pursuant to 19 CSR 25–30. Thus, Seabaugh's objection that the form used was possibly out-of-date is also without merit. The trial court erred in its reversal of the suspension/revocation issued by the Department.

The judgment is reversed and the case is remanded with directions to sustain the revocation of the driver's license.

CRANE, P.J., and RICHARD B. TEITELMAN, J., concur.